BENJAMIN J. GIBSON, Respondent, *v.* ST. LOUIS, KANSAS
CITY, AND NORTHERN RAILWAY COMPANY, Appellant.

### March 23, 1880.

1. The appellate court will not interfere with the action of the trial court in
   refusing to disturb a verdict, as being against the evidence, where there
   is any evidence to support it.
2. A verdict may be sustained though it negatives facts sworn to by witnesses
   who are uncontradicted and unimpeached.

APPEAL from the St. Louis Circuit Court.
*Affirmed.*

WELLS H. BLODGETT and PROSSER RAY, for the appellant.

ALEXANDER YOUNG, for the respondent.

HAYDEN, J., delivered the opinion of the court.

The act of negligence charged is, that the engineer and employees managing a locomotive-engine of the defendant, which was standing on its railroad track in a public street of the city of St. Louis, negligently opened one of the escape-valves of the engine, thereby letting the steam and hot water escape at and upon the horses of the plaintiff, which, attached to a carriage, were being driven along the street near where the locomotive was standing. The evidence adduced by the plaintiff tended to show that the train was standing on the track which runs along the levee in St. Louis; that the plaintiff's carriage was being carefully driven along the levee, on the east side of where the train was standing; and that, when the carriage reached a point nearly opposite the engine, the steam came out from the locomotive, shooting out toward the horses — not reaching them, but reaching towards them, as one of the witnesses expresses it. The noise and the sight of the steam frightened the horses, and, the driver losing control, they ran, upset the carriage, and seriously damaged it, thus occasioning the loss. The defendant's evidence tended to show that the engine had been still for ten or twelve minutes, and the engineer watching for a signal to back and couple up the train; that those on the engine let off no steam, and that no steam came from out the cylinders or side of the engine as the team went past; that when the horses were near, the engine, of its own accord, "popped off" from the safety-valve on the top of the dome. The defendant's evidence tended also to show that the upsetting of the carriage was caused by the fault of the driver. There was a verdict for the plaintiff.

The defendant asked an instruction in the nature of a de-

murrer to evidence, both at the close of the plaintiff's testimony and of the whole case, and it is contended that this should have been given. It is argued that it is essential that steam should escape from the safety-valve, and that such escape is itself a condition of safety under which locomotive-engines do their work. But the question the defendant seeks to raise is not in the case. The verdict was for the plaintiff; and, upon the evidence, all intendments must be made in favor of the verdict. We must assume that the jury disbelieved the defendant's witnesses wherever, in essential points, the testimony conflicts. Accordingly, the basis of the defendant's argument here is lost, and the theory that the damage was occasioned by escape of steam from the safety-valve at the top of the engine is negatived. The steam did not escape vertically. It was driven out horizontally from the side of the engine, as the witnesses testified whom the jury believed. It could not have escaped as described by them, "shooting right out towards the horses," not reaching them, but reaching towards them, as the horses passed near the engine, unless the steam came from the side, and not the top of the locomotive; and if the steam came from the side, force and meaning is given to the expression, "they [meaning the persons on the engine] opened the valve and let off steam." It is true that the engineer and fireman testify that no steam escaped from the cylinders or side of the engine; that all the witnesses agree that the engine was standing still; and that both the engineer and fireman state that to have let off steam from the cylinders would necessarily have put the engine in motion. This apparent contradiction was for the jury, and for the trial court in passing on the motion. It may be that the defendant has reduced the jury which tried the case to a logical dilemma. Whatever satisfaction can be derived from this belongs to the defendant; but the plaintiff is entitled to the verdict.

The judgment is affirmed. Judge BAKEWELL concurs; Judge LEWIS is absent.